UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SKENDER RADONCIC, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
|     v. | )    2:25-cv-00138-LEW |
| | ) |
| NATIONAL UNION FIRE | ) |
| INSURANCE COMPANY | ) |
| OF PITTSBURGH, PA, | ) |
| | ) |
|     Defendant | ) |

**ORDER ON PLAINTIFF'S MOTION
TO MODIFY THE ADMINISTRATIVE RECORD**

In this action governed by the Employment Retirement Income Security Act (ERISA), the parties dispute whether Defendant must produce and include in the administrative record certain documents generated during Defendant's processing of Plaintiff's claim for benefits under a Group Accident Insurance Policy. The question is whether the documents are within the ERISA fiduciary exception to the attorney-client privilege. On December 5, 2025, after assessing the parties' arguments and relevant authority, the Court ordered Defendant to submit the documents to the Court for in camera review. (Order, ECF No. 29.) After review of the documents, the Court grants in part the motion to modify the administrative record and orders Defendant to produce a portion of the documents.

As the Court explained in its prior order, the ERISA fiduciary exception "provides that an employer acting in the capacity of ERISA fiduciary is disabled from asserting the

attorney-client privilege against plan beneficiaries on matters of plan administration." *Smith v. Jefferson Pilot Fin. Ins. Co.*, 245 F.R.D. 45, 47 (D. Mass. 2007) (quoting *United States v. Mett*, 178 F.3d 1058, 1063 (9th Cir. 1999)). Non-fiduciary matters include "when an ERISA trustee seeks legal advice for his [or her] own protection," so "where a plan fiduciary retains counsel in order to defend [it]self against the plan beneficiaries . . . , the attorney-client privilege remains intact." *Smith*, 245 F.R.D. at 48 (internal citations and quotations omitted).

Some of the documents were generated as Defendant assessed and decided Plaintiff's claim during the administrative process. The Court discerns nothing in the documents to suggest that the attorney-client communications are the product of Defendant's attempt to "defend itself against" Plaintiff's claim. (*Id.*) Instead, a review of the documents reveals that the communications relate to the assessment of Plaintiff's administrative appeal. In other words, the documents reflect Defendant's administration of the plan relative to Plaintiff's claim. The documents generated after Defendant issued the final decision, however, would be within the attorney-client privilege as the communications were designed to defend against Plaintiff's challenge in this Court to Defendant's decision.

Based on this assessment, the Court orders that on or before January 7, 2026, Defendant shall produce to Plaintiff the submitted documents that begin with document number 002771 and end with document number 002825. Defendant shall also supplement the administrative record with the documents. Defendant is not required to produce the other documents submitted for in camera review.

## **NOTICE**

     Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of December, 2025.